UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JEFFREY P. HIGDON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:18-CV-047 JD |
|  | ) |  |
| NANCY A. BERRYHILL, Acting | ) |  |
| Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Jeffrey Higdon appeals the denial of his application for social security disability benefits. An administrative law judge found that Mr. Higdon suffered from severe impairments that prevented him from performing his past work, but that Mr. Higdon still had the ability to perform other jobs. On appeal, Mr. Higdon argues that the judge erred in evaluating the extent of his restrictions. For the following reasons, the Court remands this action to the Commissioner for further proceedings.

### I. FACTUAL BACKGROUND

Mr. Higdon worked for years in jobs that ranged from medium to very heavy exertional levels. However, he claims that he became unable to work prior to his fiftieth birthday due to several health conditions. He had undergone multiple shoulder surgeries and also experienced chronic back pain. He reported experiencing pain and numbness in his arms. The conditions limited his range of motion and the amount of weight he could lift, and he also reported being unable to sit for extended periods of time. Mr. Higdon also suffered from chronic obstructive pulmonary disease and coronary artery disease, and was further diagnosed with sleep hypoxia and fatigue, among other conditions.

An ALJ found that Mr. Higdon had multiple severe impairments, and that he had the residual functional capacity to perform a reduced range of light work. Based on testimony from a vocational expert, the ALJ found that Mr. Higdon was no longer able to perform his past work. However, he also found that Mr. Higdon still had the ability to perform other jobs that existed in significant numbers, including work as a sorter or package inspector. Accordingly, the ALJ found that Mr. Higdon did not qualify as disabled. Mr. Higdon appealed that decision to the Appeals Council, which denied review, so Mr. Higdon filed this action.[1]

## II. STANDARD OF REVIEW

Because the Appeals Council denied review, the Court evaluates the ALJ's decision as the final word of the Commissioner of Social Security. *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). This Court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This evidence must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Thus, even if "reasonable minds could differ" about the disability status of the claimant, the Court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Perales*, 402 U.S. at 399–400.

---

[1] The Court notes that Mr. Higdon's counsel failed to meaningfully comply with this Court's briefing order, which requires each party to submit a summary of the plaintiff's medical history. [DE 9]. Rather than summarize Mr. Higdon's medical history and the course of his treatment, as required, counsel simply listed the conditions Mr. Higdon has been diagnosed with. The Court appreciates, however, that the Commissioner's counsel diligently complied with the Court's order, which greatly assists the Court in its review of the record.

In this substantial-evidence determination, the Court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the Court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the Court conducts a "critical review of the evidence" before affirming the Commissioner's decision. *Id.* An ALJ must evaluate both the evidence favoring the claimant as well as the evidence favoring the claim's rejection and may not ignore an entire line of evidence that is contrary to his or her findings. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). Consequently, an ALJ's decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539. While the ALJ is not required to address every piece of evidence or testimony presented, the ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

### III. STANDARD FOR DISABILITY

Disability benefits are available only to those individuals who can establish disability under the terms of the Social Security Act. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Specifically, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations create a five-step sequential evaluation process to be used in determining whether the claimant has established a disability. 20 C.F.R. § 404.1520(a)(4)(i)–(v). The steps are to be used in the following order:

1. Whether the claimant is currently engaged in substantial gainful activity;

2. Whether the claimant has a medically severe impairment;

3. Whether the claimant's impairment meets or equals one listed in the regulations;

4. Whether the claimant can still perform relevant past work; and

5. Whether the claimant can perform other work in the community.

*Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).

At step three, if the ALJ determines that the claimant's impairment or combination of impairments meets or equals an impairment listed in the regulations, disability is acknowledged by the Commissioner. 20 C.F.R. § 404.1520(a)(4)(iii). However, if a listing is not met or equaled, then in between steps three and four, the ALJ must then assess the claimant's residual functional capacity, which is defined as the most a person can do despite any physical and mental limitations that may affect what can be done in a work setting. 20 C.F.R. § 404.1545. The ALJ then uses the residual functional capacity to determine whether the claimant can perform his or her past work under step four and whether the claimant can perform other work in society at step five. 20 C.F.R. § 404.1520(e). The claimant has the initial burden of proof in steps one through four, while the burden shifts to the Commissioner in step five to show that there are a significant number of jobs in the national economy that the claimant is capable of performing. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

## IV. DISCUSSION

Mr. Higdon presents four arguments for reversal. First, he argues that the ALJ failed to address the effects of each of his conditions, even those that are not severe, in formulating his residual functional capacity. Second, he argues that the ALJ overemphasized his daily activities in evaluating his credibility. Third, he argues that the ALJ erred in evaluating his wife's testimony about the extent of his limitations. And fourth, he argues that the ALJ failed to account for his strong work history. The Court agrees in part with the first argument, but briefly addresses some of the remaining arguments as well.

First, Mr. Higdon argues that the ALJ failed to address the limiting effects of all of his conditions, even those that the ALJ did not find to be severe. In particular, he argues that the ALJ failed to address any limitations that may have resulted from his diagnoses of fatigue and sleep hypoxia, as well as any additional limitations that may have resulted from the eczema in his hands. In formulating a claimant's residual functional capacity, the ALJ must consider all of the relevant evidence in the record, and must build "an accurate and logical bridge from the evidence to her conclusion." *Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014). In doing so, an ALJ "need not discuss every piece of evidence in the record." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012). However, an ALJ "may not ignore an entire line of evidence that is contrary to the ruling." *Terry*, 580 F.3d at 477; *Arnett*, 676 F.3d at 592. Furthermore, "an ALJ must consider the combined effects of all of the claimant's impairments," even those that are not severe. *Terry*, 580 F.3d at 477; *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) (noting that "the ALJ needed to consider the *aggregate* effect of this entire constellation of ailments"). Thus, even if a condition would not be disabling on its own, an ALJ must still consider the evidence relating to that condition and decide what limitations, if any, it would have on the claimant's ability to work. *Terry*, 580 at 477; *Golembiewski*, 322 F.3d at 918.

Mr. Higdon argues first that the ALJ failed to acknowledge or address the potential effects of his diagnoses of fatigue and sleep hypoxia. He notes that he was diagnosed with multifactorial fatigue on multiple occasions (R. 436, 441); that he was also diagnosed with sleep hypoxia, for which he needed to use oxygen at night (R. 433); and that his wife testified that he didn't sleep well and needed to take naps during the day. (R. 61–62). Mr. Higdon argues that

5

these conditions could result in limitations on his ability to concentrate or his ability to stay on task throughout the workday.

In response, the Commissioner identifies a number of reasons from the record why the ALJ could reasonably conclude that no limitations were warranted for these conditions. The problem, however, is that the ALJ did not offer any of those reasons, and the Court cannot affirm the Commissioner's decision for reasons not offered during the administrative proceeding. *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (noting that *SEC v. Chenery Corp.*, 318 U.S. 80, 87–88 (1943) "forbids an agency's lawyers to defend the agency's decision on grounds that the agency itself has not embraced"). In fact, the ALJ's decision did not acknowledge the diagnosis of fatigue at all, nor did it directly address Mr. Higdon's sleep hypoxia. The closest the decision came to addressing this line of evidence was to note Mr. Higdon's wife's testimony that he used oxygen at night. The ALJ addressed that testimony by noting that there is no evidence that Mr. Higdon needed oxygen during working hours. (R. 28). That fails to address, though, the evidence that Mr. Higdon nonetheless suffers from fatigue that could impair his concentration or time on task. Even though, as the Commissioner argues, the ALJ could reasonably conclude that no further limitations are warranted, the ALJ's decision does not demonstrate that the ALJ considered this evidence, nor does it provide the required minimal articulation for why the ALJ rejected it. Accordingly, the Court finds that remand is necessary to allow the ALJ to address this evidence.[2]

---

[2] In his conclusion, Mr. Higdon requests for the first time that the Court enter an award of benefits instead of remanding. However, he never developed that argument—to the contrary, the argument section of his brief repeatedly states that "remand is required." Regardless, neither this nor any of Mr. Higdon's other arguments would justify an outright award of benefits, as the record is not so one-sided as to compel the conclusion that he is disabled.

6

Other arguments that Mr. Higdon offers are insubstantial, though. Mr. Higdon argues that the ALJ also failed to consider the effect of the eczema he has experienced on his hands. He argues that the medicated cream he was prescribed for that condition is greasy, which could affect his handling and fingering of objects. However, he cites no evidence in the record indicating that the medication was greasy or that it would have any effect on his ability to use his hands—this argument appears to be based on no more than counsel's own say-so. Attorney argument that is not based on the record and that was not presented to the ALJ is not a basis for reversal. *Kelham v. Berryhill*, No. 18-2064, slip op. at 5 (7th Cir. Oct. 31, 2018).

Mr. Higdon also argues that the ALJ improperly overemphasized his daily activities. The record does not support that argument, though. The ALJ accurately recited Mr. Higdon's activities tending to animals around his farm and acknowledged both what Mr. Higdon was able to do and the limitations he experienced. The ALJ expressly noted that Mr. Higdon could no longer do as much work around the farm as he used to, and that he needed to take breaks. (R. 28). The ALJ did not equate these activities to the ability to perform full time work, either, but evaluated the extent to which they were consistent with Mr. Higdon's claimed limitations and the residual functional capacity that the ALJ adopted. Activities of daily living are a proper consideration for an ALJ to weigh in evaluating the credibility of a claimant's complaints, and Mr. Higdon has not shown any respect in which the ALJ's evaluation of that factor was erroneous.

Mr. Higdon finally argues that the ALJ failed to account for his strong work history. However, the record emphatically refutes that claim. Contrary to counsel's suggestion, the ALJ repeatedly acknowledged Mr. Higdon's strong work history, and explicitly weighed that factor in Mr. Higdon's favor. The ALJ noted at the beginning of his credibility analysis that he considered

Mr. Higdon's work history, among several other factors, and the ALJ "note[d] that the claimant has a[] good work history prior to 2010." (R. 26). The ALJ returned to that point at the end of his analysis, noting that Mr. Higdon "performed very vigorous work in the past and has a good work history, which is admirable and was fully considered in the evaluation of this case." (R. 28–29). Counsel's suggestion that the ALJ failed to analyze Mr. Higdon's work history is thus plainly incorrect. To the extent counsel means to argue that the ALJ is required to accept Mr. Higdon's testimony in full solely because of his work history, that argument has no basis in either logic or the law. On remand, however, Mr. Higdon is free to urge the ALJ to give greater weight to his testimony.[3]

## V. CONCLUSION

The Court REVERSES the Commissioner's decision and REMANDS this matter to the Commissioner for further proceedings consistent with this opinion. The Clerk is DIRECTED to enter judgment accordingly.

SO ORDERED.

ENTERED: November 6, 2018

                                                  /s/ JON E. DEGUILIO
                                                  Judge
                                                  United States District Court

---

[3] The Court need not reach Mr. Higdon's argument about the ALJ's evaluation of his wife's testimony, but Mr. Higdon is likewise free on remand to ask the ALJ to give greater weight to that testimony as well.